Brian Gaffney (California Bar No. 168778)
***Pro hac vice application forthcoming***
Law Offices of Brian Gaffney APC
446 Old County Road, Suite 100-310
Pacifica, CA 94044
Telephone: (650) 219 3187
Email: brian@gaffneylegal.com

David A. Bahr (D.D.C. Bar #OR0001)
Bahr Law Offices, P.C.
1035 1/2 Monroe Street
Eugene, Oregon 97402
Telephone: (541) 556-6439
Email: davebahr@mindspring.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Stop Geoengineering Minnesota**, a project of the non-profit Minnesota Natural Health Coalition, a non-profit corporation, 1043 Grand Avenue, #317, Saint Paul, MN 55105,

Plaintiff,

*vs.*

**U.S. Department of Commerce,** an agency of the United States of America, 1401 Constitution Ave., NW., Washington, DC 20230,

Defendant.

Case No. 1:17-cv-1930

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Freedom of Information Act Case

## INTRODUCTION

**1.** Plaintiff Stop Geoengineering Minnesota (hereinafter “Plaintiff” or “SGM”) brings this action to redress violations of the Freedom of Information Act (“FOIA”), 5 U.S.C. § 552 *et. seq*, Plaintiff challenges the failure of the U.S. Department of Commerce (hereinafter “ “Defendant” or “Commerce”) to respond lawfully to Plaintiff’s FOIA request.

**2.** In March, 2017, Plaintiff requested that Commerce release records concerning (1) weather modification within the Weather Service Organization Workforce Analysis, and (2) the reason for adoption of the confidentiality provision of the "Operations and Workforce Analysis (OWA) Project: Charter for All Workstream Core Teams." Plaintiff requested these records to inform the public, the media and government officials about weather modification, government knowledge of weather modification and government efforts to restrict public knowledge about weather modification.

**3.** Defendant has failed to timely make the statutorily required determinations on Plaintiff's FOIA requests within the time and in the manner required by FOIA. Defendant has failed to release records responsive to Plaintiff's FOIA requests, and thus is unlawfully withholding responsive records. Further, Defendant has failed to provide estimated completion dates on which Defendant will complete action on Plaintiff's FOIA requests.

**4.** Because of Defendant's violations of FOIA, Plaintiff has no other recourse but to seek declaratory relief establishing that Defendant has violated FOIA and seek injunctive relief directing Defendant to promptly provide Plaintiff with the requested records.

## JURISDICTION, VENUE AND BASIS FOR RELIEF

**5.** This Court has jurisdiction over this action pursuant to FOIA (5 U.S.C. §552(a)(4)(B)), federal question (28 U.S.C. § 1331), and pursuant to the Declaratory Judgment Act (28 U.S.C. section 2201).

**6.** Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for all FOIA cases in the District of Columbia.

**7.** Declaratory relief is appropriate under 28 U.S.C. § 2201.

**8.** Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

**9.** Plaintiff STOP GEOENGINEERING MINNESOTA is an entity whose purpose is to educate the public about how geoengineering and weather modification can impact public health. Plaintiff is a project of the non-profit Minnesota Natural Health Coalition which is a 501(c)(3) tax exempt non-profit organization. SGM regularly informs, educates and counsels the public regarding weather modification and government involvement in implementing and regulating weather modification. SGM has a large and growing base of approximately 500 supporters. Plaintiff uses FOIA to request records of federal agencies and intends to do so in the future. The records requested through FOIA by Plaintiff in this matter will be used by SGM to inform interested parties in government (both elected officials and regulatory agencies), the media, other educational non-profits and the public at large about weather modification, government knowledge of weather modification, and government efforts to restrict public knowledge about weather modification. Plaintiff is adversely affected by Defendant's failure to comply with FOIA as alleged herein, *inter alia*, because Plaintiff will not be able to timely and effectively inform the public about weather modification, government knowledge of weather modification, and government efforts to restrict public knowledge about weather modification. Further, Defendant's failure and refusal to: (1) issue a timely final determination of Plaintiff's FOIA requests; and (2) provide Plaintiff with the estimated completion dates of their requests, has injured Plaintiff's interests in public oversight of governmental operations. Unless the Court grants the requested relief, Plaintiff will continue to be adversely affected by Defendant's failure to comply with FOIA.

**10.** Defendant Department of Commerce is an agency of the executive branch of the United States government, and is in possession, custody or control of the records sought by Plaintiff, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). The National Oceanic and Atmos-

pheric Administration ("NOAA") is an administrative component of the Department of Commerce, and as such, is also subject to FOIA pursuant to 5 U.S.C. § 552(f).

## STATUTORY BACKGROUND

**11.** FOIA's basic purpose is for government transparency, as it establishes that all federal agency records must be accessible to the public unless such records may be withheld from this disclosure mandate pursuant to one of nine, narrowly construed FOIA exemptions. 5 U.S.C. § 552.

**12.** FOIA imposes strict and rigorous deadlines on federal agencies. The Act requires a federal agency that receives a FOIA request to determine whether the requested agency records are exempt from disclosure under 5 U.S.C. § 552(b) and to communicate that determination to the requester within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i). If the agency determines the requested records are exempt from public disclosure, the agency must also communicate to the requester that they have a right to appeal that determination. *Id.* If the agency determines the records are not exempt from public disclosure, the agency is required to make the requested records "promptly available" to the requester. 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i).

**13.** An "agency record" subject to a FOIA request is any record that is (1) created or obtained by an agency, and (2) under agency control at the time of a FOIA request. *See, e.g., United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989).

**14.** Congress has set forth the circumstances in which federal agencies may obtain more time to make the determination required by 5 U.S.C. § 552(a)(6)(A)(i). In two very limited circumstances the agency may toll the 20-business-day deadline for making that determination. 5 U.S.C. § 552(a)(6)(A)(ii) (providing for up to a 10-day tolling period to allow an agency to seek information from a requester). Additionally, the agency may extend the 20-business-day deadline

for making that determination for an additional 10 business days by providing a written notice to the requester that sets forth the "unusual circumstances" that justify the deadline extension and the date on which the agency expects to make the determination. 5 U.S.C. § 552(a)(6)–(B)(ii). The statute includes a specific definition of the term "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(iii). When the agency notifies a requester of unusual circumstances and the need for additional time, the agency's written notification "shall provide the person an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii). An agency asserting that unusual circumstances prevents its compliance with FOIA's deadlines "shall make available its FOIA Public Liaison, who shall assist in the resolution of any disputes between the requester and the agency." *Id.*

**15.** Unless an agency subject to FOIA establishes a different timeline for disclosing responsive records by providing sufficient written notice of unusual circumstances, FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide responsive records to a requester within or shortly after the 20-day timeframe set forth in 5 U.S.C. § 552(a)(6)(A)(i).

**16.** FOIA provides for fee waivers for requests that are in the public interest and not in the primary commercial interest of the requestor. 5 U.S.C. § 552 (a)(4)(A)(iii).

**17.** FOIA provides that a person shall be deemed to have exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. section 552(a)(6)(A)(i)–(ii). 5 U.S.C. § 552(a)(6)(C).

**18.** A U.S. District Court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complain-

ant." 5 U.S.C. § 552(a)(4)(B). If the government can show that "exceptional circumstances" exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records. 5 U.S.C. § 552(a)(6)(C)(i). Notably, the term "exceptional circumstances" does *not* include a delay that results from a predictable agency workload of FOIA request, unless the agency demonstrates reasonable progress in reducing its backlog of pending request. 5 U.S.C. § 552(a)(6)(C)(ii).

**19.** Under FOIA, the federal agency has the burden to sustain its action. 5 U.S.C. § 552(a)(4)(B).

**20.** The Court may assess attorney fees and litigation costs against the United States if Plaintiff substantially prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## STATEMENT OF FACTS

**21.** On March 10, 2017, by email and U.S. Mail, Plaintiff sent separate FOIA requests to both NOAA and the Commerce requesting release of records from January 1, 2015 to the present discussing, documenting, memorializing, or otherwise concerning (1) weather modification within the Weather Service Organization Workforce Analysis, and (2) the reason for adoption of the confidentiality provision of the "Operations and Workforce Analysis (OWA) Project: Charter for All Workstream Core Teams," a copy of which Analysis was attached to each FOIA request. Plaintiff also requested a public interest waiver of fees. The FOIA requests were sent to the addresses and emails provided by the NOAA and Commerce respective FOIA websites.

**22.** By email on March 14, 2017, NOAA acknowledged receipt of Plaintiff 's FOIA request on that date, and assigned FOIA request case number DOC-NOAA-2017-000790. Commerce never otherwise acknowledged receipt of the FOIA request sent to Commerce.

**23.** By email on March 23, 2017, NOAA requested additional information to adjudicate the request for a fee waiver. On May 26, 2017, Plaintiff provided the requested fee waiver information. On June 19, 2017, Plaintiff emailed NOAA requesting confirmation that a FOIA determination would be provided by June 26, 2017.

**24.** On June 27, 2017, Plaintiff timely appealed Defendant's failure to determine within 20 business days whether Defendant would comply with FOIA request DOC-NOAA-2017-000790, and failure to notify Plaintiff of Defendant's determination.

**25.** By email on July 18, 2017, NOAA notified Plaintiff that NOAA had received FOIA request DOC-NOAA-2017-000790 on March 20, 2017, contradicting NOAA's March 14, 2017 notice of receipt, and inquired if Plaintiff still wished to receive the requested records. On July 18, 2017, Plaintiff responded to NOAA that it did wish to receive the records, that a response was due by June 26, 2017, and attaching the June 27, 2017 FOIA appeal.

**26.** On August 14, 2017, Plaintiff wrote to Defendant and its General Counsel that, to date, no responsive records or any other substantive responsive had been received. Also, Plaintiff requested that Defendant provide an estimated completion date. Further, Plaintiff informed Defendant that unless responsive records were received by August 22, 2017, Plaintiff would file suit the following week.

**27.** By letter dated August 21, 2017, the Department of Commerce General Counsel wrote to Plaintiff that its appeal was granted because "NOAA has not responded to your FOIA request within the statutory limits," and that "there has been a constructive denial of your request by failure to timely respond." The letter further stated that "We will instruct NOAA to continue processing your request and to provide a response as quickly as possible."

**28.** On August 22, 2017, Plaintiff wrote to Defendant that neither NOAA, Commerce nor the General Counsel had provided an estimated date on which Defendant would complete action on the FOIA request for documents and a fee waiver, despite the affirmative duty to provide this estimated completion date, and requesting a timely response.

**29.** On August 30, 2017, Plaintiff emailed Defendant that it still had not provided an estimated date on which Defendant would complete action on this FOIA request for documents and a fee waiver.

**30.** On September 1, 2017, the Department of Commerce Deputy FOIA Officer emailed that he "will ask the NOAA FOIA Office to provide the estimated completion date."

**31.** On September 8, 2017, Plaintiff wrote to Defendant that Plaintiff "again requests that you provide an estimated completion date for this FOIA request and request for fee waiver."

**32.** FOIA generally requires an agency to issue a final determination resolving a FOIA request within 20 business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i).

**33.** At the very latest, based on the May 26, 2017 date that Plaintiff provided the requested fee waiver information, the deadline for issuing a final determination elapsed on June 26, 2017.

**34.** Defendant failed to make a final determination resolving FOIA request DOC-NOAA-2017-000790 within 20 business days from receipt.

**35.** FOIA generally requires an agency to issue a final determination resolving a FOIA appeal within 20 business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(ii).

**36.** At the very latest, based on the June 27, 2017 date of Plaintiff 's appeal of request DOC-NOAA-2017-000790, the deadline for issuing a final determination elapsed on July 26, 2017.

**37.** Defendant failed to make a final determination resolving the appeal of request DOC-NOAA-2017-000790 within the deadline of 20 business days from receipt.

**38.** FOIA mandates that Defendant must inform an information requester of "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

**39.** FOIA's estimated decision date requirement does not contemplate that an agency's suggestion of a response "as quickly as possible" will discharge its mandate to provide an estimated completion date under 5 U.S.C. § 552(a)(7)(B)(ii).

**40.** Defendant did not provide an estimated completion date for FOIA request DOC-NOAA-2017-000790.

**41.** Defendant did not provide an estimated completion date for the appeal of FOIA request DOC-NOAA-2017-000790.

**42.** None of FOIA's nine exemptions to mandatory disclosure apply to the records, currently being withheld by Defendant, which are responsive to FOIA request DOC-NOAA-2017-000790.

**43.** Plaintiff has been required to expend costs and to obtain the services of a law firm to prosecute this claim.

**44.** Plaintiff 's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FREEDOM OF INFORMATION ACT: CONSTRUCTIVE DENIAL/UNLAWFUL WITHHOLDING

**45.** The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**46.** Plaintiff has a statutory right to the records they seek, which are "agency records" within the meaning of FOIA, and there is no legal basis for Defendant to assert that any of FOIA's nine disclosure exemptions apply. *See* 5 U.S.C. § 552(b)(l)-(9).

**47.** Defendant violated Plaintiff's rights under FOIA by failing to comply with FOIA's decision deadlines and thus constructively withholding information responsive to Plaintiff's FOIA request.

**48.** Based on the nature of Plaintiff's professional activities, they will undoubtedly continue to employ FOIA's provisions in information requests to Defendant in the foreseeable future.

**49.** Plaintiff's professional activities will be adversely affected if Defendant is allowed to continue violating FOIA's disclosure provisions as it has in this case.

**50.** Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant will continue to violate the rights of Plaintiff to receive public records under FOIA.

**51.** Plaintiff is entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**COUNT II**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**DECISION DEADLINE VIOLATION**

**52.** The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**53.** Plaintiff has a statutory right to have Defendant process their FOIA request and appeal in a manner which complies with FOIA. Plaintiff's rights in this regard were violated when the Defendant unlawfully delayed its response to Plaintiff's information request and appeal beyond the determination deadlines imposed by FOIA. 5 U.S.C. §§ 552(a)(6)(A)(i), (ii).

**54.** Defendant is unlawfully withholding public disclosure of records sought by Plaintiff, to which Plaintiff is entitled, and for which no valid disclosure exemption applies.

**55.** Based on the nature of Plaintiff's professional activities, they will undoubtedly continue to employ FOIA's provisions in information requests to Defendant in the foreseeable future.

**56.** Plaintiff's professional activities will be adversely affected if Defendant is allowed to

continue violating FOIA's decision deadlines as it has in this case.

**57.** Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant will continue to violate the rights of Plaintiff to have SGM's information requests processed as required by FOIA.

**58.** Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**COUNT III**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**FAILURE TO COMPLY WITH 5 U.S.C. § 552(a)(7)(B)(ii)**

**59.** The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**60.** FOIA requires that each agency must provide information about the status of a request to the person making an information request including an estimated date on which the agency will complete action on the request. 5 U.S.C. § 552(a)(7)(B)(ii).

**61.** Plaintiff asked Defendant numerous times for an estimated date of completion for its pending FOIA request. In so doing, Plaintiff invoked 5 U.S.C. § 552(a)(7)(B)(ii).

**62.** Defendant has repeatedly failed to provide estimated date of completion for Plaintiff's FOIA request and appeal at issue in this case.

**63.** Upon information and belief, Defendant's failure to provide a specific estimated date of completion for Plaintiff's FOIA request and appeal represents an ongoing policy, practice, and standard operating procedure.

**64.** A policy, practice, or "standard operating procedure" of refusing to provide estimated dates of completion to requesters is in violation of FOIA. Such a practice constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court. Such a policy is arbitrary, capricious, an abuse of discretion, and otherwise contrary to law.

**65.** Based on the nature of Plaintiff's professional activities, they will undoubtedly continue to employ FOIA's provisions in information requests to Defendant in the foreseeable future.

**66.** Plaintiff's professional activities will be adversely affected if Defendant is allowed to continue violating FOIA's requirement to provide an estimated completion date as it has in this case.

**67.** Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant will continue to violate the rights of Plaintiff to have their information requests processed as required by FOIA.

**68.** Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**COUNT IV**
**VIOLATIONS OF FOIA:**
**ENGAGING IN A PATTERN OR PRACTICE OF UNLAWFUL CONDUCT**

**69.** The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**70.** Defendant has engaged in a pattern or practice of violating FOIA in responding to Plaintiff's FOIA request and appeal. Defendant's policies, practices, and standard operating procedures for responding to FOIA requests have resulted in violations of Plaintiff's rights as alleged above. Additionally, Defendant's policies, practices, and standard operating procedures for responding to FOIA requests are likely to result in future violations of FOIA that will harm Plaintiff because they are likely to continue seeking public documents from Defendant.

**71.** Even if Defendant fully discloses all documents responsive to Plaintiff's FOIA request and appeal, Plaintiff is entitled to a declaration that Defendant's actions violated FOIA, and to an injunction barring Defendant from violating FOIA in the future when responding to their FOIA

requests. Declaratory and injunctive relief will clarify and settle the legal relations at issue and afford relief from the uncertainty and controversy giving rise to these proceedings.

**72.** Defendant's unlawful pattern and practice of violating FOIA when responding to Plaintiff's FOIA request and appeal entitles Plaintiff to an award of reasonable attorney fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

**REQUESTS FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

**1.** Order Defendant in the form of injunctive relief to promptly provide Plaintiff all of the records sought in this action;

**2.** Declare Defendant's failure to disclose the information requested by Plaintiff to be unlawful under FOIA, 5 U.S.C. § 552(a)(3);

**3.** Declare Defendant's failure to make a timely determination on Plaintiff's FOIA requests to be unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

**4.** Declare Defendant's failure to provide Plaintiff with an estimated completion date of their FOIA request and appeal, to be unlawful under FOIA, 5 U.S.C. § 552(a)(7)(B)(ii);

**5.** Award Plaintiff their costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or any other applicable law;

**6.** Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

**7.** Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted for the Court's consideration, this 21st day of September, 2017.

*/s/ Brian Gaffney*
Brian Gaffney (California Bar No. 168778)
***Pro hac vice application forthcoming***
Law Offices of Brian Gaffney APC
446 Old County Road, Suite 100-310
Pacifica, CA 94044

brian@gaffneylegal.com

*/s/David Bahr*
DAVID BAHR (D.D.C. Bar #OR0001)
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, OR 97402
(541) 556-6439 Voice
davebahr@mindspring.com